181898 Harold Surtleff v. City of Boston May it please the Court, On behalf of the appellants, I respectfully request that this Court reverse the opinion below, because the City's denial of the Christian flag violated the First Amendment. It was both viewpoint- and content-based, and also based upon the record, the decision-maker has unfettered discretion. The relevant facts really are ... Can't you better start with whether the flagpole on which the City of Boston flag flies is government speech? The flag that the City chooses to fly there is government speech? Because if it is, don't your other arguments fall by the wayside? Your Honor, yes, it is not government speech. However, there's one policy that governs everything, and it's listed in our Joint Appendix 46-48. Not one time did the lower court cite to that policy, and yet it's front and center in this case. You can't just stand here and say it's not government speech and move on from what they're talking about. I want to talk about what's in that policy. You say that policy shows it's not government speech? That's correct, Your Honor. All right. That's right. It's in that Joint Appendix 46-48. On the very first page is the application. On that application, it lists all the different areas that you can apply for the event, including the City Hall flagpoles. On page 2, which is Joint Appendix 47 at the top, speaks about guidelines for all these different venues, and it says, or the City Hall flagpoles, listing them right in with all of the plaza and everything else. Below that, it speaks about the application for any public event, and it includes the City Hall flagpoles in that one sentence. Page 3 on the Joint Appendix 48, it says that the City, quote, seeks to accommodate all applicants seeking to take advantage of the City of Boston's public forums. And it goes on to list the criteria only by which they will deny those public forums. What is at issue here is one policy governing both the flagpole and all the other public forums, including the forum just below the flagpole. So, if I've understood you, you may be making three arguments. The City itself has admitted this is a public forum. Yes. Secondly, the statement that it seeks to accommodate various points of view means it's not government speech. Correct. And thirdly, that the list of criteria does not say it's government speech. Correct. Have I got it? That's right, Your Honor. Okay. Exactly. And that is essential. Let's start, if we may, with what I think is the proper starting place. Did you argue to the District Court that this policy evidenced a decision by the City to commit the flagpole as a public forum? Yes, Your Honor, we did. We did that throughout our complaint. We did that throughout our argument. You made the argument, I know you made the argument that the City committed this as a specific argument, that the City made this admission in constructing the policy. Yes, we did. In fact, we actually focused on this policy. And that's the ironic thing, is that this policy, even though it's front and center in our complaint, in our memorandum, and in our oral argument, is not once mentioned in the finding of fact by the Court, and yet it is part of this policy. It is central. Okay. There was one application. The Kent Constitution made one application, because there's not a separate application for the flagpoles, and then for the City Hall Plaza, or the other venues, that they call a public forum. On that application, it was to hold an event in honor of Constitution Week, to celebrate the history and heritage of Boston and the Commonwealth, including some of that religious and Christian heritage and history. In addition, they also wanted to fly what was called the Christian flag. The event was approved, but the flag was not, under the exact same policy, with no difference. The criteria for disapproving any event, including the flagpole, is not an issue here, because all of the criteria were met. All right. So, now, assume, hypothetically, that we're not going to buy the argument that this amounts to a binding admission by the City that it's not government speech. Just hypothetically. Sure. We're then into the standard government speech three criteria, okay? History, likelihood of attribution, and control. So, could you address those three points? Yes. In addition to the written policy, the history is that they have allowed individuals and organizations to make an application to hold an event and or just fly a flag of their own desire on the flagpole. Is there any showing that any other flags that are overtly non-secular or religious in nature have been flown? I know you say the flag of Portugal has a symbol down in the corner, but I'm talking about flags that are overtly religious. Here's an identical, almost, copy of this flag, and that's the Bunker Hill flag. It has the St. George's flag, which is in commemoration of the Crusades. All right, but the Bunker Hill Monument Association is a secular organization. What I'm getting at, this would be, in my mind, a different case. If there was a flag, if the City had allowed flags to be flown that were overtly emblematic in sponsoring, say, the Jewish faith or the Muslim faith or any other religious affiliation, I'm not talking about religious symbols that are incidental to the flag of a secular organization. And I take it from your attempt to invoke the Bunker Hill flag that the answer to my Commissioner Rooney said that he found no overtly religious flags. He does say that they had religious symbols in them. And so he has the unfettered discretion to determine, does that make it a religious flag or does it not? In fact, if in this particular case, Ken Constitution wanted to raise the virtually identical Bunker Hill flag, that wouldn't have been a problem. The problem was that the flag was called Christian flag. The event that was taken below on the Plaza Flower... Is that the problem, or is the problem that the distinctive feature of the flag was a large Christian cross? The way it's been described to me, that's virtually the only feature of the flag. That's virtually the only feature of the Bunker Hill flag, except for the pine tree. That symbolizes liberty. Literally, if we could have had the Bunker Hill flag, there would be no problem, and yet the same symbol would be there. The event down below included religious content, Christian heritage and history. But the event on the flagpole under the same policy was censored, not because it violated the policy, not because it was inconsistent with what was going on in the other forum below, but because Commissioner Rooney made the subjective determination that it was, quote, inappropriate. Okay, so to go back to my three things, history. History, yes. All right. I would have thought the history analysis is, is the flagpole one of three? Correct. The one that flies the City of Boston flag. Is that historically government speech? It's right in front of the Boston City Hall entrance with... ...the Boston City Hall in the background. I would have thought that was archetypal government speech. You're trying to get around it by saying, actually, this is a case about discretion in the Commissioner. Am I following you? No, not really. Yes and no. Yes, the Commissioner exercised discretion outside of this policy. But no in the fact that the policy includes the flag. Now, in most cases, a flagpole would be government speech. But this case is different. Why? Because the policy has opened that flagpole for private individuals of different communities, whether it's cultural, heritage, history, LGBT, transgender, any of those private organizations that want to have a flag there but they've opened that as an express designated form and they've given the criteria by which they would deny none of which are applicable here. So they have opened that just as much as they opened the form down below and in the other places. Can I ask you something that I think I know the answer to? I think I know what you will answer to but isn't there an establishment cost issue raised by this flag? No, Your Honor, because it is private speech in a public forum and the establishment clause does not apply when it's private speech in a public forum. But a flag in a government flagpole would seem to me to raise that issue. I don't know if it's been raised, but I'm asking you. Your Honor, it's their only defense that it's an establishment clause issue but the problem with that is the establishment clause is not a legitimate compelling interest or interest of the government when it's private speech in a forum because otherwise, again, you have the same policy religious words and messages were taking place down below the flagpole. It was only the flagpole and this is only for one hour. Moreover, if it was an establishment clause concern it could easily have been addressed by having a disclaimer sign  If it's government speech, we don't reach any establishment clause issue and on the establishment clause, the law is a bit in flux. So I want to go back to the government speech. You have said under this policy they do allow events on the plaza and your event would have had religious content. Correct. However, I don't see why that makes the flagpole which you can see from many places in the city when you don't see what's happening on the plaza How high is this? 200 feet? Something like that. I don't see why having an event determines the nature of the flagpole itself except for your argument that they have one policy and if you will, you take that to be a sort of admission by the city Yes, Your Honor. If they wanted to have separate policies for different places they're free to do so but that's not what the case is here They have one policy, one criteria and it covers all of these places and the fact is they have allowed religious symbols that they didn't deem to be religious because they weren't coming from a religious organization or they weren't called Christian The only reason it was censored is because Commissioner Rooney saw that it was a pro-Christian flag even though the same symbols had been allowed The history is so much different than the cases involving Sumim and Walker because in those cases the city had absolute control over the monument or even over the license plates But they have absolute control here They have not taken absolute control They have given this as a public forum The mere allowance of the city's choice to allow a few private flags in association with events means that the city has not maintained control? They don't maintain control according to the policy when they open it up to applications for a private flag I think your time is up, thank you Mr. Archangeli Good morning, Your Honor I please the Court, Robert Archangeli on behalf of the City of Boston as well as Gregory Rooney in his individual capacity as the Commissioner of the City of Boston and the Property Management Department Your Honors, this is a case which the plaintiffs have tried to frame within the forum doctrine analysis The city takes a position All right, can we please You need to address his arguments about why this is not government speech He starts with the fact that he says there is an admission in your application form He says you chose to make it one policy and part of the policy allows events as though it's a public forum on City Hall Plaza and you don't have a different policy as to the flags and then he's got a whole series of arguments about how the flags that you have permitted to fly have some religious imagery in it So before you start talking about forum analysis could you deal with that? Yes, Your Honor Going straight to Joint Exhibit 47 which was referred to by Brother Pryor where he states that the application applies to any public event proposed to take place at and what I say is the operative word in that sentence is at At Daniel Hall, Sam Adams Park, City Hall Plaza the City Hall Lobby, North Stage or the City Hall Flagpoles It applies to events that take place at the flagpoles as a location As we move down further What policy controls the question of the flag? It controls the question of what we've determined to be a public forum which is the location at the flagpoles not necessarily on the flagpoles on which one would raise a flagpole You haven't answered my question I accepted the premise of your argument At the flagpole is different from what flies from the flagpole What policy governs what flies from the flagpole? Is there one? There is no written policy as the City has admitted If you look within the affidavit that was submitted by Commissioner Rooney in connection with this case he does state that all flag raising requests are presented to him for his review in order to determine whether or not they comport with City messages and policies and a final approval is given by Commissioner Rooney before any flag is raised Can I ask you about this rather ingenious interpretation that at the flagpole has some special significance if we interpret that spatially to mean that that's describing the venue there how is that different than at the plaza? The flagpole is at the plaza, isn't it? It is. The plaza, though, is a large area and I don't think it's beyond the city The city flagpole could be different it seems to me as if it described what flew on the flagpole but you say it doesn't Your Honor, I do say it doesn't and that is because the City is able to accommodate many events at the same time on City Hall Plaza by breaking it up into different subsections we could have an event at the flagpole one on the central part of the plaza and another event at the North Stage which is another there It gives the City the ability to allow for more speech to take place on the plaza given that it's such a large area there are few landmarks out on the plaza and those three flagpoles standing right in front of the front door on a raised platform up 83 feet in the air are a significant landmark on City Hall Plaza at which people are able to hold events Regardless of how this case comes out or what interpretive steps we may find necessary I really wish you would convey to your principals in the City that properly documenting what the City believes its wishes and its criteria are for the flagpole would be in the best interest of the citizens of Boston and certainly in the best interest of judges that have to struggle with problems like this Understood Your Honor I'll second that So I have some other questions As I read your brief you've been very careful to say that the Commissioner gets to make the choice about what is consistent with City policy but you are not arguing that by flying the flag of the or Portugal that that then becomes government speech I've read your brief very carefully you are not saying that the government has endorsed those messages because it is consistent Are you making that argument? Your Honor, the argument for the City is that by making the choice of what flags it allows to go off just by making the choice the City itself is expressing government speech and engaging in government speech is by the choosing which flags it allows to be raised on its flagpole so it is making a statement about the identity of the City and the flags and messages that it wants to send out on the flagpole So that by flying the flag of Portugal on that flagpole you are expressing support for Portugal We could be expressing support for Portugal, we could be expressing support for members of the community Yeah, it could be Your affidavit does not say that in fact when you made the decision to fly the flag of Portugal it became the policy of the City of Boston to express its support for the Portuguese community in this city by flying the flag The affidavit doesn't say it your briefs don't say it You seem to be sort of hedging your bets a little bit here Yes, Your Honor In this case where I understand your point in that it does not it does not explicitly say that we have adopted some sort of policy in support of Portugal, the City has relied on the brief factors that you stated earlier So, whether one uses Justice Souter's reasonable observer test or you use the attribution test likelihood of attribution you would say that anybody looking at the Portuguese flag flying would attribute that the city is somehow saying we approve of and we I don't want to use the word endorsed, that's an establishment clause term that we are as a city conveying a message of support for the Portuguese community here by flying that flag Yes, Your Honor Ok, what about the Bunker Hill flag what's the argument on that one? The Bunker Hill flag there is a long history of what the battle of Bunker Hill has meant to the area there is a it is a civic association with long ties to the city of Boston and the city made a choice that the Bunker Hill flag would be representative of the city and the city supports that civic association and has made a choice to raise that flag as a way to further define the city's identity and what it supports Ok, your brother uses the Bunker Hill flag because he says it essentially contains St. George's flag the Christian flag your policy says nothing about religious symbolism but your practice has been to allow secular organization flags that may or may not contain religious symbolism that seems to be irrelevant to you it's merely whether it's a private secular organization is that correct? That is how the program has been conducted to this point, Your Honor this is as far as we could tell the first time that we had received a request of this nature of a flag that was overtly religious and it's primary purpose was to advance a religious belief religious organization if that's the case I don't understand why the establishment clause is not relevant in this case where the city takes the position that it's engaging in government speech where it may say what it wishes and express the viewpoints there still is a limitation that it may not violate the establishment clause when engaging in government speech. In this case upon receiving this request the city made a decision that to fly a flag primarily endorsing a particular religion 83 feet on a flagpole owned by the city by the front door of the city hall could expose the city to a constitutional violation of the establishment clause and that we sought to avoid such a violation by not approving the raising of that flag. Had we raised that flag and decided that we wanted to raise the Christian flag high above city hall in front of the front door of city hall 83 feet in the air then this may be the opportunity to have that discussion in the establishment clause but where we chose not to raise the flag I don't believe it's an issue before this court now if the city has vowed to have been engaging in government speech Thank you The affidavit leaves a bit to be desired it's about as spartan as you can get the instances it acknowledges of flying private organization or country flags were they all during the current administration one of the reasons for the government speech is democracy itself change of administration there can be a change of the government viewpoint I have no sense of whether these examples are in fact examples of the present administration's choices but the former administration maybe chose to fly no flags I don't know you don't tell us yes your honor and where it's not in the record in this case I don't know what's for me to go into a history of the flag raising program in Boston but it's an indication of sort of how problematic this is in the absence of many statements by the city about what it's really about which is where judge Selye started that's true and we're conscious as well of the fact that this is here on the appeal of a denial of a preliminary injunction so we assume that whatever our ruling is there will be a chance to flesh out this record below and I think judge Lynch's comments may provide you some guidance thank you your honor thank you may it please the court I want to point out that the unfettered discretion which you see problematic in the affidavit of commissioner Rooney is only butted before this court what do you mean unfettered it may be a little broad in its terms but I don't view it as unfettered well there's no criteria by which he can say that the flag is inappropriate his affidavit said it's inappropriate the mayor can fire him there's no criteria to determine what's religious and what's non-religious in fact he said I'll entertain this is a secular organization you can't constitution it was just celebrating constitutionally it's not a sectarian organization no one would have known that that flag was Christian or otherwise had it not been put on the application any different than the buckery hill flag nobody would really know the difference other than the color and the addition in the buckery hill flag of the pine tree but he makes all those decisions is this flag religious is it not religious there's no criteria is it appropriate is it not appropriate is it consistent with the city's message or is it not we have no idea how he makes those decisions we brief that as a prior restraint and unfettered discretion and there's not one word of rebuttal in the answer brief and as this court has indicated before that is a argument that is waived and admitted by the city only if it's relevant well I think your honor in this case it is relevant because we have one policy how is it relevant if it's government speech if it's government speech the first amendment arguments that you're making don't apply because your honor it cannot be government speech based upon the record in the policies but you see you're not accepting my premise excuse me if it is government speech then your first amendment arguments are by definition inapplicable because the first amendment I agree the government has a lot more latitude to put messages of it's choice and in the general situation certainly they fly only the U.S. or the Boston flag or some other state there may be remedies within the city and the state or there may be remedies under some other constitutional provision but not under the first amendment but in this case the difference fundamentally why this is not government speech and why this flagpole is different than anything else is again joint appendix 46 and 48 on the very front page you check a box do you want to engage the flagpoles page 2 flagpoles once or twice page 3 the public forums are open to all applicants including the flagpoles it's not at the flagpole that's redundant from the city hall closet as you pointed out no but if but what the city has here is obviously an omnibus application that covers different kinds of venues and property and we'll take a look at your argument that that somehow constitutes a binded admission but it certainly is not one that is intuitively compelling your honor may I just respond if you take not more than one minute your honor the record the history the use of the flag and the policies all events a public forum open to private individuals and only once has there been a censorship and it was in this case with the flag that issue and there's no difference between that flag  where that event occurred or any other place do I take that to mean that other non-secular flags flags of religious organizations or flags frankly and overtly indicating particular faiths have been flown from the flagpole the bunker hill flag I know what you say about bunker hill there's nothing that says this is a jewish flag there's no history that's in the record on that but the same symbols have been erected on those flagpoles thank you